# CHARLES FISHER v. PENNSYLVANIA R. CO.

ERROR TO THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY.

Argued April 23, 1889—Decided May 6, 1889.

1. When the record shows the actual payment of all the costs, on an appeal from an award of arbitrators, the appeal is well taken, and the subsequent alteration of the record entry as to such costs, without notice, will not affect the appellant's rights.

Statement of Facts.

2. Where the plaintiff's mule escaped from him, and straying upon a railroad company's track at a public crossing, was struck by a locomotive and killed, the failure of the engineer to ring the bell and sound the whistle, as the engine approached the crossing, was not negligence on the part of the company, and the mule being a trespasser, the plaintiff could not recover.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 321 January Term 1889, Sup. Ct.; court below, No. 19 February Term 1888, C. P.

On January 16, 1888, the plaintiff Charles Fisher, brought trespass against the Pennsylvania Railroad Company, to recover damages for the death of a mule, struck by the defendant's locomotive. Issue.

On February 3, 1888, the case was referred under the compulsory arbitration law. The arbitrators, on March 5, 1888, filed an award in favor of the plaintiff for $198.66. On March 13, 1888, the defendant appealed from the award.

On May 14, 1888, the plaintiff obtained a rule to show cause why the appeal should not be stricken off. Depositions were taken both in support of and against this rule, and it appeared therefrom, that the prothonotary, when the appeal was taken, had duly entered on the record that all the costs had been paid, amounting to $35.59, but that the defendant had in fact receipted on the back of plaintiff's bill of costs for $3.88, witness fees due one Phillips, the superintendent of the defendant's road, paying the prothonotary but $31.71 in cash; and that on April 2, 1888, the prothonotary had changed his record by erasing the figures $35.59 and inserting in place thereof $31.71. The same day an order signed by said Phillips was filed, authorizing the payment of the above costs due him to the defendant's attorney.

On May 14, 1888, the rule to strike off the appeal was discharged, the court, FURST, P. J., saying:

It is sufficient to say that the record showed the actual payment of all the costs; that a subsequent alteration of the record without notice to appellant cannot affect his rights. The appeal is good under the authority of Rice v. Constein, 89 Pa. 479. The only difficulty in the case was as to one witness,

W. M. Phillips; the record shows only that he received his costs. We need not inquire how, when the record shows the payment to an authorized agent to receive it. This rule is therefore discharged.[1]

At the trial of the action on September 19, 1888, the following case appeared:

On November 27, 1887, Michael Fisher, the plaintiff's son, started from a barn with two mules belonging to his father, for the purpose of watering them at a spring, on the opposite side of the railroad about six hundred yards away. He rode one mule which he directed by means of the halter strap passed through its mouth, and led the other by a chain fastened to its halter. He testified as to the accident as follows:

Q. How did you leave the barn? A. I rode the one mule and led the other one in the hand with the halter; I went on down about near 300 yards, and the one mule which I had in my hand got to playing; I hadn't worked them very hard, a few days before, and he got to playing, rearing up that way around, and he started off on a run, and I was not thinking of him starting off, and he jerked away with the chain and jerked me off; I had hold of the T and he jerked me off and they started both on after I was off. Q. Started on where? A. Down to the watering place. Q. What is the watering place—a spring? A. Yes, sir. Q. Did you ever water the mules there before? A. I think I watered them once there; I aint sure, but I think I watered them once there. Q. What occurred then after you were thrown off? A. I started on down following them up, and I didn't just run; I took my time and went on down, and about the time they were ready to come over, there was an engine came, and one of them made it across, one of them came across, and the other one didn't make it; the engine struck him before he got across. Q. Where was the mule when the engine struck it? A. Right at the edge of the crossing. Q. On the road? A. No, sir; right on the railroad. Q. But it was on the line of the public road? A. Yes, sir.

The occurrence was on Sunday, and it was admitted no trains were scheduled to run that day. There was evidence that no bell was rung or whistle blown as the engine approached the crossing.

At the conclusion of plaintiff's evidence, the defendant moved for a judgment of nonsuit, which was allowed and judgment of nonsuit entered, with leave, etc.[3]

A motion to vacate the judgment of nonsuit was subsequently refused, the court, FURST, P. J., saying:

The plaintiff's testimony clearly shows negligence sufficient to defeat his right of recovery. Michael Fisher's evidence supports this view of the case. He certainly was negligent to undertake to ride one mule by the use of a halter and lead the other, which was skittish, also by a halter. After they tore loose he says he did not pursue them rapidly; that he went slow, thinking they would come back, etc. We only state the substance of the testimony, as we recollect it. Under the facts of the case, as shown by plaintiff's witness, the mule was a trespasser upon the track of defendant's road, and the case seems to us to be ruled pointedly by the case of North Penn. R. Co. v. Rehman, 49 Pa. 101.

The motion to take off the nonsuit is therefore denied and refused.[4]

The plaintiff thereupon took this writ assigning as error:

1. The refusal to strike off the appeal.[1]

3. The entry of the compulsory nonsuit.[3]

4. The refusal to vacate the judgment of nonsuit.[4]

*Mr. George B. Orlady*, for the plaintiff in error.

*Mr. J. D. Dorris* (with him *Mr. W. Dorris*), for the defendant in error.

PER CURIAM:

We need not waste time by the discussion of a point so unimportant and technical as the refusal of the court below to strike off the appeal, for the non-payment of the costs. As was said by the learned judge below, " It is sufficient to say that the record showed the actual payment of all the costs; that a subsequent alteration of the record without notice to appellant cannot affect his rights. The appeal is good under the authority of Rice v. Constein, 89 Pa. 479."

The remaining assignments raise a more serious question.

The defendant company was sued to recover damages for the loss of plaintiff's mule. The mule was killed upon the track by one of defendant's locomotives. It was loose, and for the purposes of this case, must be regarded as straying upon the track. The alleged negligence of the company consisted in not ringing the bell or sounding the whistle as the engine approached the crossing near which the mule was killed. If it was the duty of the engineer to blow the whistle as notice to the mule, I do not see why the mule should not be held to the rule, to "stop, look and listen." To apply rules to dumb animals which were intended only for reasonable beings brings us dangerously near to the realm of absurdity.

Judgment affirmed.